FILED by \_\_MC\_\_ D.C.

Jun 12, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-20239-CR-RUIZ/BECERRA**

18 U.S.C. § 1343
18 U.S.C. § 981

UNITED STATES OF AMERICA

vs.

JUAN ANTONIO PIZARRO,

      **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Small Business Administration

1. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses by assisting in the economic recovery of communities after disasters.

### The Economic Injury Disaster Loan Program

2. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that existed before the COVID-19 pandemic to provide low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization for the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

4. In order to obtain an EIDL, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period preceded January 31, 2020. The applicant was required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

5. EIDL applications were submitted directly to the SBA and processed by the SBA with support from a government contractor. The amount of the loan was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. Any EIDL funds were issued directly by the SBA.

**The Defendant, Related Entities and Individuals**

6. JPIZARS - CPA AND BUSINESS CONSULTANTS LLC ("JPIZARS LLC") was a Florida limited liability company with its listed principal address in Doral, Florida.

7. JPIZARS Inc. ("JPIZARS Inc.") was a Florida corporation with its listed principal address in Hollywood, Florida.

8. Defendant **JUAN ANTONIO PIZARRO**, a resident of Miami-Dade County, Florida, was an authorized member with 97% ownership of JPIZARS - CPA AND BUSINESS CONSULTANTS LLC and the president of JPIZARS Inc.

9. Individual 1 was **JUAN ANTONIO PIZARRO**'s wife and a resident of Miami-Dade County, Florida.

## COUNTS 1-3
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations Section of this Information is re-alleged and fully incorporated herein by reference.

2. From in or around March 2020, and continuing through in or around July 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JUAN ANTONIO PIZARRO,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF SCHEME AND ARTIFICE

3. It was the purpose of the scheme for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDLs, and (b)

diverting fraud proceeds for their personal use, the use and benefit of others, and to further the fraud.

## SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4.   **JUAN ANTONIO PIZARRO** submitted and caused the submission of fraudulent EIDL applications for JPIZARS LLC, JPIZARS Inc. and other entities, via interstate wire communications, to the SBA.

5.   The EIDL applications submitted and caused to be submitted by **JUAN ANTONIO PIZARRO** for JPIZARS LLC, JPIZARS Inc. and other entities, as well as for Individual 1, falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

6.   **JUAN ANTONIO PIZARRO** received kickbacks in exchange for facilitating and obtaining false and fraudulent EIDLs on behalf of approximately 25 individuals.

7.   As a result of the false and fraudulent EIDL applications submitted and caused to be submitted by **JUAN ANTONIO PIZARRO**, the SBA disbursed hundreds of thousands of dollars in EIDL proceeds, which were transferred to **PIZARRO** and others via interstate wire transmissions.

## USE OF THE WIRES

8.   On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, **JUAN ANTONIO PIZARRO**, for the purpose of executing and in furtherance of aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such

4

pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of interstate wire communication certain writings, signs, signals, pictures, and sounds, as particularly described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | May 25, 2020 | Electronic transmission of an EIDL Loan Agreement on behalf of JPIZARS LLC, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 2 | June 24, 2020 | Electronic transmission of an EIDL Loan Agreement on behalf of JPIZARS Inc., causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 3 | July 2, 2020 | Electronic transmission of an EIDL Loan Agreement on behalf of Individual 1, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations in this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **JUAN ANTONIO PIZARRO**, has an interest.

2. Upon conviction of Title 18, United States Code, Section 1343, as alleged in this Information, **JUAN ANTONIO PIZARRO** shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot divided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

JUAN ANTONIO PIZARRO,

_____/
Defendant.

**CASE NO.:** _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) _____
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _/s/ Yisel Valdes_
Yisel Valdes
Assistant United States Attorney
Court ID No.   A5502330

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Juan Antonio Pizarro

**Case No:** _____

Counts #: 1-3

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or not more than the greater of twice the gross gain or loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.