UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20239-CR-RUIZ/BECERRA

UNITED STATES OF AMERICA

vs.

JUAN ANTONIO PIZARRO,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the Office") and the Defendant, JUAN ANTONIO PIZARRO (hereinafter referred to as "Defendant"), enter into the following agreement:

1. Defendant agrees to plead guilty to counts one, two and three of the Information, which charge Defendant with wire fraud, in violation of Title 18, United States Code, 1343.

2. Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offenses with which he is charged. Understanding that right, and after full and complete consultation with counsel, Defendant agrees to waive in open court his right to prosecution by indictment and agrees that the Office may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentencing guidelines range under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory range under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years as to each count, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a maximum fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense, restitution, and criminal forfeiture.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $300 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment,

Defendant agrees to present evidence to the Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6. The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Office, however, will not be required to make these recommendations if Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to or after entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but

3

not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

   a. Base offense level: That the base offense level, pursuant to Section 2B1.1(a) of the Sentencing Guidelines, is 7; and

   b. Loss: For purposes of Section 2B1.1(b)(1), the actual loss amount attributable to this Defendant is greater than $550,000 and less than $1,500,000, resulting in an increase of 14 levels.

   c. The parties agree that the Government will not recommend any other enhancements that may apply under the Sentencing Guidelines and that the Defendant will not seek any other reductions to the offense level that may apply under the Sentencing Guidelines.

9. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from Defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office, or the Court. Defendant understands further that any recommendation that the Office make to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in Paragraph 3 above, that Defendant may not

4

withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, the Office, or a recommendation made jointly by Defendant and the Office.

10. Defendant agrees, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as a result of the violation to which he is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to: a forfeiture money judgment in the sum of $450,000 in U.S. currency, which sum represents the value of the property subject to forfeiture.

11. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. Defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal,

5

civil, or administrative forfeiture proceeding concerning the forfeiture.

13. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

a. submit a financial statement to the Office upon request, within 14 calendar days from the request;

b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as

6

a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

14. Defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A. Defendant understands that the amount of restitution owed to the victim(s) will be determined at or before sentencing unless the Court orders otherwise. Defendant agrees that the total amount of restitution is $600,000 and that the Defendant will receive credit for money surrendered to law enforcement during the investigation and repayments made on the Economic Injury Disaster Loans that are the subject of this case.

15. Defendant confirms that Defendant is guilty of the offense to which Defendant is pleading guilty; that Defendant's decision to plead guilty is the decision that Defendant has made; and that nobody has forced, threatened, or coerced Defendant into pleading guilty. Defendant affirms that Defendant has reviewed this agreement and enters into it knowingly, voluntarily, and intelligently, and with the benefit of assistance of Defendant's attorney.

16. Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that

the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with the Office, to request that the Court enter a specific finding that Defendant's waiver of her right to appeal the sentence imposed in this case was knowing and voluntary.

17. Should Defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, Defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with Defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against Defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States.

[THIS SPACE INTENTIONALLY LEFT BLANK]

18. This is the entire agreement and understanding between the Office and Defendant. There are no other agreements, promises, representations, or understandings.

|  |  |
|---|---|
| Date: 7/28/23 | MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY<br>By: _Yisel Valdes_<br>YISEL VALDES<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 8/2/23 | By: _____<br>NAYIB HASSAN<br>ATTORNEY FOR THE DEFENDANT |
| Date: 8/2/23 | By: _____<br>JUAN ANTONIO PIZARRO<br>DEFENDANT |

9