UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20239-CR-RUIZ/BECERRA

UNITED STATES OF AMERICA

vs.

JUAN ANTONIO PIZARRO,

Defendant.
_____/

## FACTUAL PROFFER

The United States and Defendant JUAN ANTONIO PIZARRO ("Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to violations of Title 18, United States Code, Section 1343, which occurred in the Southern District of Florida and elsewhere.

From in or around March 2020, through at least in or around July 2020, Defendant knowingly and with intent to defraud, submitted and caused the submission of fraudulent Economic Injury Disaster Loan (EIDL) applications.

During the Covid-19 pandemic, through the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, EIDLs were extended to eligible small businesses that were experiencing substantial financial disruption. In order to obtain an EIDL, a qualifying business was required to submit an application to the Small Business Administration (SBA) and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding January 31, 2020, and cost of goods sold in the 12-month period preceding January 31, 2020. The applicant was further required to certify that all of the information in the

application was true and correct to the best of the applicant's knowledge. EIDL applications were submitted directly to the SBA and processed by the SBA with support from a government contractor. The amount of the loan was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. Any EIDL funds were issued directly by the SBA.

In furtherance of the fraudulent scheme, and to accomplish its object and purpose, Defendant submitted and caused the submission of an EIDL application for his company, JPIZARS – CPA & Business Consultants LLC, a company he was associated with, JPIZARS Inc., and for Individual 1. Defendant knew these EIDL applications contained materially false and fraudulent representations such as the number of employees and the gross revenue figure for the 12 months prior to the COVID-19 pandemic. Defendant also backdated an IRS notice that was submitted in support of an EIDL application for Individual 2. These false and fraudulent EIDL applications were electronically submitted to the SBA.

As a result of the knowing false and fraudulent representations made and caused to be made by Defendant, the SBA approved the following loans: (1) a $150,000 EIDL for JPIZARS – CPA & Business Consultants LLC, (2) a $150,000 EIDL for JPIZARS Inc., (3) a $150,000 EIDL for Individual 1, and (4) a $150,000 EIDL for Individual 2. The SBA funded these loans by making electronic wire transfers to the designated bank accounts listed on the EIDL applications. Defendant spent the EIDL funds he received on personal expenses. For example, he used some of the EIDL funds to pay $145,000 as a down payment towards the purchase of a property located at 12380 NW 9th St Plantation, FL 33325.

The parties agree that the fraud scheme in this case involved the use of interstate wires, including those required to submit the fraudulent EIDL loan applications.

The parties also agree that the actual loss suffered by the SBA is $600,000.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove the Information beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 7/28/23      By: _____
                       YISEL VALDES
                       ASSISTANT UNITED STATES ATTORNEY

Date: 8/1/23       By: _____
                       NAYIB HASSAN
                       ATTORNEY FOR THE DEFENDANT

Date: 8/1/23       By: _____
                       JUAN ANTONIO PIZARRO
                       DEFENDANT

3